**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                          No. 95-5498

RICKEY JACK FLETCHER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-94-985-19)

Submitted: July 25, 1996

Decided: August 14, 1996

Before LUTTIG and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John D. (Jay) Elliott, Columbia, South Carolina, for Appellant. Margaret B. Seymour, United States Attorney, Beth Caldwell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Rickey Jack Fletcher pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. § 922(g) (West Supp. 1996), and was sentenced to a term of 87 months imprisonment. Fletcher's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), contending that the district court erred in refusing to depart on three grounds, but indicating that, in his view, there are no meritorious issues for appeal. Williams was notified of his right to file a pro se supplemental brief, but has not done so.[1]

The district court decided not to depart downward on the grounds of diminished capacity, USSG § 5K2.13, p.s., [2] or victim's conduct, USSG § 5K2.10, p.s., or overstated criminal history, USSG § 4A1.3, p.s. The court's discretionary decision not to depart is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).

In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

_____

[1] Fletcher did write his attorney with the suggestion that the Supreme Court's decision in United States v. Lopez, ___ U.S. ___, 63 U.S.L.W. 4343 (U.S. Apr. 26, 1995) (No. 93-1260), might apply in his case. Lopez does not assist Fletcher. We find persuasive two circuits which have considered and rejected constitutional challenges to § 922(g) in light of Lopez. See United States v. Mosby, 60 F.3d 454, 456 (8th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3558 (U.S. Feb. 20, 1996) (No. 95-7053); United States v. Hanna, 55 F.3d 1456, 1462 n.2 (9th Cir. 1995).
[2] United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED

3